UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAFAEL ESTEBAN ABREU,<br>    *Plaintiff*,<br><br>v.<br><br>FRANCESCO LUPIS, et al.,<br>    *Defendants.* | No. 3:22cv1548 (OAW) |

**INITIAL REVIEW ORDER**

The plaintiff, Rafael Esteban Abreu, is a pro se sentenced inmate who is housed at MacDougall-Walker Correctional Institution ("MacDougall") in the custody of the Department of Correction ("DOC").[1]  Compl., ECF No. 1.  Plaintiff has filed this complaint under 42 U.S.C. § 1983 against MacDougall "Provider" Francesco Lupis, Regional Chief Operating Officer ("RCOO") Shea, Nurse James, and Nurse Henry.  Compl. at pp. 1–8.  He alleges indifference to his medical needs and requests both damages and injunctive relief.  *Id.* at p. 9.

For the following reasons, the complaint is **DISMISSED** without prejudice.

**I.     FACTUAL BACKGROUND[2]**

Plaintiff has complained about blood in his stool and "incredible" stomach pain.  Compl., ECF No. 1 at ¶ 1.  He has suffered chronic pain since July 6, 2016.  *Id.*

---

[1] The court may "take judicial notice of relevant matters of public record."  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).  The publicly-available information on the Connecticut DOC website shows that Plaintiff was sentenced on August 8, 2005, to a term of incarceration that has not yet expired.  *See* "Connecticut State Department of Correction: Inmate Information," available at http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=305514 (last visited July 27, 2023).
[2] All factual allegations are drawn from the complaint and considered to be true.

Plaintiff had hemorrhoid surgery in February 2022, but he did not receive any pain medication or evaluation. *Id.* at ¶ 2. He remains in pain. *Id.* at ¶ 3. Plaintiff claims he was "clearly misdiagnosed" because he still has low iron, and was led to believe that the surgery would correct his iron deficiency. *Id.* He has written grievances, but has yet to be seen for his medical condition. *Id.* at ¶¶ 4–5.

Plaintiff previously had H. pylori bacteria in his stomach. *Id.* at ¶ 6. Plaintiff asserts that H. pylori can turn into cancer if it is not treated. *Id.*

Plaintiff told "Provider" Lupis that he needed an MRI because prostate cancer runs in his family. *Id.* at ¶ 7. Lupis ignored him. *Id.*

Urinanalysis detected "something wrong" in his urine, but Plaintiff received no follow up. *Id.* at ¶ 8. Plaintiff's condition has not improved. *Id.* at ¶ 9.

Plaintiff requests damages and an immediate MRI scan to provide a proper diagnosis.

II.   **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and sua sponte "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought

by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*,

723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.    DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).  "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  "[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

The court construes Plaintiff's complaint as raising Eighth Amendment concerns about deliberate indifference to his medical needs.

### A.    Eighth Amendment Medical Indifference

The Supreme Court of the United States, in *Estelle v. Gamble*, 429 U.S. 97 (1976), held that "deliberate indifference to serious medical needs of prisoners

4

constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Deliberate indifference to serious medical needs occurs when an official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 492 U.S. at 105–06). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting)). To determine whether a condition is sufficiently serious, courts consider whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992)).

Subjectively, a defendant actually must have been aware of a substantial risk that the plaintiff would suffer serious harm because of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Thus, a defendant's mere negligence is not cognizable on an Eighth Amendment deliberate indifference claim. *See Carpenter*, 316 F.3d at 184 (citing *Estelle*, 492 U.S. at 105–06). Although "mere

medical malpractice is not tantamount to deliberate indifference," such medical malpractice may constitute deliberate indifference when it "involves culpable recklessness, i.e., . . . a conscious disregard of a substantial risk of serious harm."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553).

Thus, the court considers whether Plaintiff sufficiently has alleged facts showing that each defendant acted with deliberate indifference, *i.e.*, that he "personally knew of and disregarded an excessive risk to [Plaintiff's] health or safety."  *Tangreti*, 983 F.3d at 619.

For purposes of this initial review only, the court assumes Plaintiff's conditions (his stomach pain, blood in his stool, iron deficiency, and prostate cancer risk) pose a serious risk of harm to Plaintiff's health that satisfies the objective element.

Plaintiff does not allege any facts describing the conduct of Defendants RCOO Shea or Nurses James and Henry.  Absent factual allegations showing that a defendant was aware of, but disregarded, the risk of Plaintiff's serious medical condition, Plaintiff cannot state a plausible Eighth Amendment claim.  *Hunter v. Quiros*, No. 3:22-CV-1525 (VAB), 2023 WL 348111, at *3 (D. Conn. Jan. 20, 2023) (dismissing Eighth Amendment claims absent facts showing a subjective knowledge of the risk faced by Plaintiff).  Thus, Plaintiff's complaint fails to raise any plausible Eighth Amendment claims against RCOO Shea, Nurse James, and Nurse Henry.

However, Plaintiff does provide factual allegations about Provider Lupis.  He asserts that he informed Lupis he needed an MRI "due to the fact that prostate cancer runs in [his] family," but that Lupis ignored his request.  Plaintiff has not, however,

alleged that Lupis acted with deliberate indifference to his serious medical needs. Plaintiff's facts show only that he disagreed with Lupis's medical judgment at the time about the proper course of treatment, which does not support a constitutional claim for deliberate indifference. *See Chance*, 143 F.3d at 703*; see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."). Plaintiff has not alleged facts indicating that Lupis was aware that a urinalysis detected "something wrong" in his urine. Compl., ECF No. 1 at ¶ 8. As presently alleged, Plaintiff's allegations do not suggest that Lupis acted with "culpable recklessness" when he did not agree with Plaintiff's assessment about the timely need for an MRI, despite Plaintiff's family medical history.

Plaintiff also complains that he did not receive any follow-up after his urinalysis, but he has not alleged facts indicating that any named defendant was aware of it. Accordingly, Plaintiff has not alleged a plausible Eighth Amendment claim based on any failure to provide him with continuing care following the receipt of his urinalysis results.

Because Plaintiff has not alleged any plausible deliberate indifference claims against any defendant, the court must dismiss Plaintiff's Eighth Amendment claims against Defendants Lupis, Shea, James, and Henry for damages and injunctive relief as not plausible pursuant to 28 U.S.C. § 1915A(b).[3]

---

[3] Plaintiff asserts an official-capacity claim for injunctive relief to receive an MRI, but such claim must be dismissed because he has not stated any plausible violation of his federal or constitutional rights. *See Henderson v. Quiros*, No. 3:21-CV-1078 (VAB), 2021 WL 5359739, at *8 (D. Conn. Nov. 17, 2021) (dismissing official capacity claims absent any continuing or ongoing federal or constitutional violation); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) (noting that requests for injunctive relief are remedies and are dismissed with the underlying claim).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED** without prejudice.

Within thirty days of this order, Plaintiff may file an amended complaint to correct the deficiencies of his Eighth Amendment claims. Any amended complaint will completely replace the previous complaint filed in this case, and no portion of any prior complaint shall be incorporated by reference into his amended complaint. He must name in the case caption all defendants against whom he asserts claims. If Plaintiff fails to file an amended complaint within this period of time, the court will close this case with prejudice.

Additionally, the court acknowledges Plaintiff's motions at ECF Nos. 9 and 11, in which he seeks injunctive relief and urges the court to review his complaint (noting that he continues to suffer extreme pain). The court assures Plaintiff that matters such as his are taken seriously and are reviewed with care, as will be any amended complaint that Plaintiff might file. As the court has issued its Initial Review Order, the Motion to Compel and the Motion for Injunctive Relief are **denied as moot.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 28th day of July, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE